E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** — **MDL No. 1431 (MJD)**

This document relates to:

Ilse Lehmann and Felix Lehmann. — **02-180 (MJD)**

**JOINT OPPOSITION OF DEFENDANTS BAYER CORPORATION AND GLAXOSMITHKLINE TO PLAINTIFFS' "SUGGESTION OF REMAND" OR, IN THE ALTERNATIVE, FOR EXPEDITED TRIAL BEFORE THE MDL COURT BY DESIGNATION**

Defendants Bayer Corporation ("Bayer") and GlaxoSmithKline ("GSK") respectfully submit this opposition to plaintiffs Ilse Lehmann and Felix Lehmann's Suggestion of Remand ("Motion").

## INTRODUCTION AND SUMMARY

Plaintiffs' Motion should be denied because common discovery and other pre-trial proceedings have not concluded in the multi-district litigation pending before this Court (*In re: Baycol Products Litigation*, MDL No. 1431). Indeed, the parties have already agreed to a mediation in this case before Peter Wooden. Accordingly, transfer to the transferor court would be procedurally premature.

Moreover, if this premature motion were granted, it would open the floodgates to thousands of similar motions, thus undermining the purposes of the MDL. And, because this is not an "aches and pains" case, remand for trial would be inconsistent with the Court's stated desire to focus its energy and resources on trial of non-rhabdomyolysis cases that plaintiffs are willing to try and that Bayer is not willing to mediate or settle. Thus, it would make no sense for this Court to expend its resources on a trial, even it were procedurally possible for this Court sit by designation in the Eastern District of Pennsylvania.

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

## BACKGROUND

A brief recitation of the procedural background illustrates why plaintiffs' motion is premature. On October 25, 2001, defendants were served with plaintiffs' complaint, which had been filed in the Eastern District of Pennsylvania. Pursuant to CTO-1, this case was consolidated with the other Baycol cases in the MDL on January 16, 2002. Since then, pretrial proceedings have been ongoing in the consolidated Baycol cases and currently over 5,400 cases are pending before the MDL. The parties, moreover, have agreed to mediate this case before Peter Wooden, and are scheduling that mediation shortly.

On March 12, 2004, plaintiffs filed a Motion to remand their case to the Eastern District of Pennsylvania. In their Motion, plaintiffs articulate no reason, let alone a compelling one, for transferring this case back to the transferor court at this stage in these MDL proceedings.

## ARGUMENT

Under 28 U.S.C. § 1407(a), transfer back to the transferor court is appropriate at the *conclusion* of all pretrial proceedings. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33 (1998). As plaintiffs acknowledge, pretrial proceedings have not run their course in the MDL. *See* Motion at 2. Plaintiffs, by their Motion, thus attempt to circumvent this Court's authority to conduct and complete pretrial discovery.

1. Apparently, plaintiffs believe that the Eastern District of Pennsylvania should resolve the remaining pre-trial issues. But, in accordance with the purposes for an MDL, the remaining pre-trial issues, including common discovery, case-specific discovery, mediation, settlement conferences, summary judgment motions, and other pretrial motions—all "pretrial" proceedings under § 1407—are particularly appropriate for consolidation and coordination in the MDL, as well as resolution by this Court. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir.) ("all judicial proceedings before trial are pretrial proceedings") (quoting *In re Plumbing Fixture Case*,

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

298 F. Supp. 484, 494 (J.P.M.L. 1968)); H.R. Rep. No. 1130 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1900 (discussing summary judgment as a "pretrial proceeding" under § 1407).

First, it is well settled that, where "common, 'core' discovery" remains, transfer to the transferor court should be denied. *See In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). That is unquestionably true here. As noted in the February 24, 2004 Joint Status Report, defendants continue to produce documents and the Plaintiffs Steering Committee ("PSC") continues to depose defendants' fact witnesses. *See* 2/24/04 Status Report at 2 (attached as Exhibit 1). Moreover, generic expert discovery remains. As the Court is aware, no order governs generic expert discovery in this MDL. The parties have engaged in extensive negotiations on such discovery with the assistance of Special Master Haydock and have submitted proposed draft orders to the Special Master; the matter is now before this Court for decision. Once the Court enters its order, generic expert discovery applicable to all cases in the MDL—including this one—will proceed.

Second, even if common discovery in the MDL were complete, continued consolidation would remain appropriate. This is illustrated by *Lexecon*, where the plaintiffs moved to transfer their case under § 1407 because it was the last remaining case in the MDL. Even so, the Supreme Court held that "[w]hile it is certainly true that the instant case was not 'consolidated' with any other for the purpose literally of litigating identical issues on common evidence, it is fair to say that proceedings to resolve pretrial matters were 'coordinated' with the conduct of earlier cases sharing a common core . . ., if only by being brought before judges in a district where much of the evidence was to be found and overlapping issues had been considered." *Lexecon*, 523 U.S. at 34. The point is also illustrated in *In re Patenaude*, which

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

squarely rejected the argument that consolidated proceedings should necessarily be "concluded at the point that only case-specific proceedings remain." 210 F.3d at 145; *see also id.* at 143 ("a [MDL] proceeding that relates only to a single individual's case or claim can nonetheless be coordinated").

Here, as in *Lexecon* and *In re Patenaude*, plaintiffs' case will benefit not only from the remaining common discovery, but also from having this MDL Court, which is knowledgeable about the Baycol litigation, address and resolve any pre-trial issues that arise in the context of case-specific proceedings.

Third, plaintiffs' motion ignores the fact that this Court has already indicated its intention to coordinate case-specific discovery before transferring cases back to the transferor forums. In implementing this directive, over 200 MDL cases have already been designated for case-specific discovery. *See* PTO 89 (attached as Exhibit 2); PTO 96 (attached as Exhibit 3).

While plaintiffs' case has not yet been designated for case-specific discovery, that is no reason to send it back to the transferor court.[1] Because such discovery has yet to begin in this case, and should be completed prior to remand, continued consolidation of this case with the thousands of other federal Baycol cases remains appropriate.

Finally, remand should be denied in light of the ongoing MDL mediation of Baycol cases in the MDL. As noted in the February 2004 Status Report, almost 100 Baycol cases have been submitted to the MDL mediation process, and 569 other MDL cases have already been settled. *See* 2/24/04 Status Report at 2. Indeed, the parties have already agreed to mediate this case before Peter Wooden shortly.

---

[1] Plaintiffs' request for case-specific discovery (*see* Motion at 2) can and should be renewed during the next round of case-specific discovery.

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

In similar circumstances, the Third Circuit specifically noted that remand to the transferor court was inappropriate where "the possibility exists that even individual settlement negotiations will be more efficient if facilitated by a judge who is intimately familiar with the general issues and many of the parties, and where in fact the record reflects that settlements are successfully being negotiated." *In re Patenaude*, 210 F.3d at 145. The same principle applies here, and compels denial of plaintiffs' motion.

2. Plaintiffs' request that this court "sit by designation at an expedited trial of this matter" (Motion at 3) is procedurally misplaced. If plaintiffs intend that this court sit by designation in the Eastern District of Pennsylvania after transfer, plaintiffs have failed to follow the proper procedure. For this court to sit by designation in that district, either the chief judge or the circuit justice of the Third Circuit would have to present a "certificate of necessity" to Chief Justice Rehnquist requesting such a designation. *See* 28 U.S.C. § 292(d). Because plaintiffs have failed to seek such action from the Third Circuit, the proper court to address plaintiffs' request, plaintiffs' alternative relief should be denied.

Indeed, relief from the Third Circuit would likely only be the first step for this court to sit by designation over any potential trial of this case. Both plaintiffs reside in New York, *see* Compl. ¶ 1, and plaintiff Ilse Lehmann was treated in New York, *see* PFS at 5-6, 7, was prescribed Baycol in New York, *id.* at 11-12, ingested Baycol in New York, *id.*, allegedly was harmed in New York, *id.* at 7, 9, and all plaintiffs' witnesses reside in New York, *id.* at 13. Because plaintiffs have no connection to Pennsylvania, this case would likely be subject to a forum non conveniens motion transferring the case from the Eastern District of Pennsylvania to New York federal court for trial. *See* Defendants' Response to PSC 2/23/04 Trial Plan, at 4 (Mar. 8, 2004). Once that happens, plaintiffs would have to request relief from the Second

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

Circuit chief judge or circuit justice in order to have this court designated to try this case in New York federal court. In all events, such a request is clearly improper here, however, and should be denied.

Plaintiffs' request is likewise squarely foreclosed by the Supreme Court's decision in *Lexecon*. There, the Supreme Court made clear that § 1407 required the MDL court to transfer a case, at the conclusion of pretrial proceedings, to the *transferor* court. *Lexecon*, 523 U.S. at 33. Plaintiffs' request that this court effectively assign itself to sit by designation over this case in the Eastern District of Pennsylvania is nothing more than an improper attempt to end-run the Supreme Court's direction in *Lexecon*. Plaintiffs' request should be denied on this ground as well.

Finally, in all events, it would make no sense for this Court to expend its resources in an early trial of this case. As noted above, a number of motions remain to be resolved in this case, including a likely forum non conveniens motion and summary judgment motions. Nor would a trial of this case advance the Court's stated objective of holding a trial to help determine what, if any, value should be placed on "aches and pains" cases. *See* Oct. 9, 2003 Tr. at 120. As more fully explained in Defendants' Response to the PSC's February 23 Trial Plan, *see* Br. at 3-4, plaintiff in this case had rhabdomyolysis and was hospitalized for ten days for inability to walk and for muscle weakness resulting from a coprescription of Baycol and Lopid. Because plaintiffs' case is not an "aches and pains" case and would not advance this Court's current objectives, it should not be scheduled for early trial.

* * * * *

In sum: Where, as here, the common discovery process is not even complete, case-specific discovery has yet to begin, and the MDL settlement process is fruitful and ongoing,

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

continued coordination and consolidation of plaintiffs' case in MDL-1431 will promote the just and efficient conduct of this litigation.

## CONCLUSION

For these reasons, Bayer and GSK respectfully request that the Court deny plaintiffs' "suggestion of remand," as well as plaintiffs' alternative relief that this court "sit by designation" over the trial.

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

Dated: April 2, 2004

Respectfully submitted,

Peter W. Sipkins (No. 101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN
PALENCHAR & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
Frank Volpe
Ryan D. Nelson
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Richard K. Dandrea
ECKERT SEAMENS CHERIN &
MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

*Counsel for Bayer Corporation*

/s/ Fred T. Magaziner

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

*Counsel for GlaxoSmithKline*

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, Derek D. Reid, certify that a true and correct copy was electronically served to counsel of record via Verilaw on April 2, 2004.

/signature on file/

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

# EXHIBIT 1

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION<br><br>This Document Relates To:<br><br>All Actions | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1431<br>(MJD/JGL) |

## THE PARTIES' STATUS REPORT AND PROPOSED AGENDA

**February 24, 2004**

The parties herewith submit the following Joint Status Report and Agenda for the hearing on February 24, 2004.

**I. Pending Cases**

A. As of close of business on February 17, 2004, defendants have been served with 9,691 cases that remain active. Of that total, 6,219 cases are pending in federal court and 3,470 cases are pending in state court. At last count, the number of claimants excluding spouses exceeds 22,000 individuals; the exact number is not known. Filed but unserved cases are not included in these totals. The totals also exclude 657 cases in which dismissal is pending.

B. As of the last status conference in January, 2004, defendants had been served with 9,943 cases that were active. Of that total, 6,225 cases were pending in federal court and 3,718 cases were pending in state court. Filed but unserved cases were not included in these totals. The totals also excluded 551 cases in which dismissal was pending.

C. An updated list of plaintiffs' counsel in pending cases has been provided to the PSC.

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

**II. Settlement**

A. To date, Defendants have settled 2,179 cases with a total value of $826,799,707. Of this total, 596 cases have been determined to be subject to the MDL assessment, with a total value of $211,707,847.

B. As of the January status conference, Defendants had settled 2,059 cases with a total value of $782,056,734. Of this total, 484 cases had been determined to be subject to the MDL assessment, with a total settlement value of $175,403,033.

C. Approximately 95 cases have been submitted to the MDL mediation process. The parties have provided the Court with letters regarding certain cases referred to mediation that have not settled. The PSC would like to discuss adjusting the mediation process to achieve greater value to the parties. Defendants have not received any proposal from the PSC.

D. In addition to the mediation program, the PSC is continuing to negotiate cases directly with Bayer.

E. Mediators' Report: Special Master Lew Remele.

**III. Discovery**

A. Document production by Bayer Corporation, Bayer AG, and GSK continues. On February 23, Bayer suggested to plaintiffs that document production be brought to a conclusion. Plaintiffs have not yet had an opportunity to respond. In addition, a problem with the quality of certain produced documents was brought to Bayer's attention. Bayer is responding to correct this problem. On February 20, Bayer produced 32 new CDs of documents. These CDs contained materials attributable to a number of individuals already deposed in Europe by the PSC (e.g. Ebsworth, Mueck, Plischke, Von Keutz, Weidmann, Sprenger); these are new

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

materials relevant to previously deposed, highly important individuals. The PSC is evaluating the documents and will communicate with Defendants.

B. Pursuant to PTO 99, defendants are reviewing documents previously marked as confidential to determine whether such documents should retain a confidentiality designation. Bayer expects to make its first production of dedesignated documents the week of February 23. The deadline for re-designation of documents is April 30, 2004. Production of such documents will be on a rolling basis.

C. Discovery is proceeding in cases being prepared under PTOs 89 and 96. The parties have provided the Court with reports on the status of the cases at issue in these PTOs. Plaintiffs have advised defendants that the last of the six Minnesota trial cases, *Pierce*, will not be presented to the Court as the first Minnesota case for trial. Discussions are in process with the plaintiff to ascertain this Plaintiff's desires concerning his case. The PSC will advise Defendants and the Court as soon as these discussions with Mr. Pierce are concluded. Weitz and Luxenberg and Defendants are negotiating stipulations to dismiss a number of cases in which Weitz and Luxenberg has declined to schedule depositions; this is the subject of a motion by defendants if counsel cannot agree (*see* below).

D. The PSC has received copies of settlements reached with third party payor insurance carriers. The PSC has advised Plaintiffs counsel they may be entitled to a refund or no further withholding as to the settling insurance companies.

E. Generic expert reports have been exchanged and many generic experts have been deposed. Plaintiffs have provided "supplemental" or "rebuttal" reports or documents for 5 of their experts either close to the time of their depositions or after they were deposed. The parties

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

are conferring about additional deposition dates for these witnesses.

F. Defendants believe that the withdrawal of the *Pierce* case creates an opportunity for conclusion of all generic expert discovery in the MDL and would like to discuss with the Court and plaintiffs a schedule for completion of such discovery and for *Daubert* motions. The PSC believes that PTO 96 already establishes this schedule and should be followed.

G. Plaintiffs have recently convened a conference at which all of their experts made videotaped presentations of their expert reports. This conference was pursuant to the Court's direction to prepare a science and medicine tutorial for the Court. Defendants have requested a copy of those videotapes, as information on which plaintiffs' experts are relying. Plaintiffs have yet to respond.

**IV. Motions**

A. The following motions are fully briefed, have been submitted to the Court, and are ready for argument:

1. Defendants' Motion for Sanctions (Italian prosecutor matter)
2. Jurisdiction over Plaintiffs' Motion to Declare the Non-Existence of Medicare Liens
3. Defendants' Motion to Dismiss with Prejudice Certain Weitz cases (Weitz's position is that this motion is not ripe with respect to some plaintiffs. The parties are in discussions regarding this motion and will advise the Court of the status of those discussions on Tuesday.)
4. *Praytor v. Bayer Corp*, 02-453, motion for suggestion of remand of rhabdo case for trial

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

(Judge Lebedoff will be mediating this case on February 24, at 9 am.)

B. Also fully briefed:

1. Plaintiffs' motion for an order governing dissemination of expert witnesses reports. (Defendants have filed a brief in response to the motion and proposed referral of the matter to the LAC. Neither plaintiffs nor defendants seek argument with respect to this matter.)

2. Motion for PSC to participate in third party payor settlement negotiations (This matter was argued in December and is under consideration by the Court. The PSC subsequently filed a Notice of Lien on Third Party Payer Settlements, which Defendants have moved to quash. On February 24, 2004, plaintiffs responded to the Motion to Quash. Defendants would like these issues resolved on an expedited basis, since they impact defendants' settlement obligations with respect to third parties.)

C. PTO 102 and *Lone Pine*.

Extensive objections have been filed to PTO 102; defendants have requested that their fully-briefed *Lone Pine* motion be argued at this status conference, since it provides an alternate approach to the narrowing issues addressed in PTO 102. Plaintiffs object to argument of *Lone Pine* at this time. The parties are scheduled to meet with Special Master Haydock on February 23 and will provide an update to the Court. The following motions have been held in abeyance pending narrowing discussions:

1. PSC Motion to Modify PTO 89 and Schedule Summary Jury Trials

2. PSC Motion to Extend the Stay of PTO 61

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

3. Defendants' Motion to Transfer

D. The following motion has been referred to Magistrate Judge Lebedoff: Plaintiffs' Motion for Sanctions concerning Defendants' "detail-person" records (fully briefed)

**V. Trial Settings**

A. On February 22, plaintiffs advised defendants that the last of the original 6 Minnesota resident/Minnesota filed cases selected for possible trial, *Pierce*, would be withdrawn as the first case tried in the MDL. Consent of the client is still being obtained for final action on the matter.

B. The cases randomly selected by the Court under PTO 89 are in the deposition process. The parties have provided status reports to the Court.

C. A list of state court trial settings has been provided to the Court and the PSC.

D. The PSC has proposed an alternative plan for trial of cases under the auspices of the MDL Court. Defendants have not seen this plan.

**VI. Liaison Advisory Committee/Special Masters' Report**

Respectfully submitted,

| | | |
|---|---|---|
| Charles S. Zimmerman<br>Richard A. Lockridge | Philip Beck<br>Adam Hoeflich<br>Susan Weber<br>Gene Schaerr<br>Peter Sipkins | Fred Magaziner<br>Tracy Van Steenburgh |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Bayer* | *Counsel for GlaxoSmithKline* |

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, Rebecca Ostlund, certify that a true and correct copy was electronically served to counsel of record via Verilaw on February 23, 2004.

/Original Signature on File/
Rebecca Ostlund

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

# EXHIBIT 2

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to All Action

Pretrial Order No. 89

---

At the July Status Conference, the parties were asked to meet and confer and agree to a plan for the management of discovery, the selection of cases for trial, and pretrial procedures. An agreement was placed on the record during the Status Conference. In an attempt to place this agreement in a written order, the parties now disagree as to its terms. As the parties have not agreed to a stipulated plan, the Court establishes the following trial program.

IT IS HEREBY ORDERED:

1. Cases for this program will include all cases filed in the District of Minnesota involving a Minnesota resident plaintiff plus a minimum of 200 additional cases selected at random from all MDL filed cases (collectively, "Program Cases). This Court will determine the total number of cases selected and the random selection methodology and promptly provide the case names to the PSC, Bayer, and GSK.

2. No later than two days before the September 2003 Status Conference, the PSC shall review all Program Cases and advise this Court, Bayer, and GSK which Program Cases the PSC determines warrant discovery for the purpose of trial ("Eligible Cases"). All other Program Cases will be dismissed unless a plaintiff establishes just cause for the continuation of a case. Each Eligible Case must include a completed Plaintiff Fact Sheet.

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

The PSC shall provide Special Master Haydock on August 4, 2003, August 22, 2003, and September 8, 2003 a report of its selection process.

3. At the September 2003 Status Conference, the PSC and Bayer shall meet with Special Master Haydock and mutually agree on:

A. Eligible Cases that may be tried; and

B. A Discovery Plan for the Eligible Cases, to be completed within a few months, to include: the disclosure of relevant plaintiff medical records, the taking of plaintiff depositions, and the disclosure of medical reports and/or the taking of depositions of treating and prescribing physicians.

If the parties are unable to agree, this Court shall determine the Eligible Cases and/or establish a Discovery Plan.

4. Upon completion of this initial Discovery Plan, the PSC, Bayer, and GSK shall meet with Special Master Haydock and agree on:

A. Cases to be included in a Pretrial Plan (collectively, "Pretrial Cases"); and

B. A Pretrial Plan, to be completed within a few months, to include the exchange of expert reports, the taking of expert depositions, the filing of dispositive motions, other relevant procedures, and trial dates. This Pretrial Plan anticipates trial dates to be scheduled during Spring 2003. If the parties are unable to agree, this Court shall issue a Pretrial Plan.

5. The parties will defer pending motions before this Court including:

A. Defendants' Motion to Transfer Venue;

B. PSC & Weitz Motions for Protective Orders and Bayer's Cross Motion to Compel Weitz to Present Plaintiffs for Depositions;

C. Defendants' Motion To Establish Pilot Program for Case-Specific Expert Discovery; and

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

D. Plaintiffs' Motion to Stay Disclosure of Generic Experts.

No party, in deferring these motions, waives any grounds in support of objections to these motions.

6. Bayer will not notice depositions of individual plaintiffs in MDL cases except as provided for in this Order.

7. All obligations of all Plaintiffs to complete Plaintiff Fact Sheets, as set forth in prior Orders of this Court, remain in full force and effect.

8. This Order does not determine what types of cases shall be tried before this Court, or whether cases will be consolidated for trial, or how such cases will be tried.

Date:

Michael J. Davis
United States District Court

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

# EXHIBIT 3

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to All Actions

**PRETRIAL ORDER NO. 96**

This Court will try a case in Minnesota filed in this MDL proceeding. The Court, with the assistance of the parties, has selected the Program Cases and Eligible Cases as described in PTO 89. The parties have met and conferred together, have jointly met with Special Masters Haydock and Remele, and have provided this Court with procedural pretrial information. As of this date, there are six Minnesota plaintiff resident cases eligible for trial. This Pretrial Order applies to the following cases:

| | |
|---|---|
| Anderson v. Bayer | (02-1103) |
| Goulet v. Bayer | (03-3636) |
| Lee v. Bayer | (02-1053) |
| Pierce v. Bayer | (03-1003) |
| Schmit v. Bayer | (03- 897) |
| Soliman v. Bayer | (03-3635) |

IT IS HEREBY ORDERED:

**A. Depositions of Plaintiffs and Witnesses**

1. Between October 20 and December 19, 2003, defendants may depose each Eligible Case plaintiff who alleges that he/she used Baycol and each witness identified by plaintiff. These depositions will be governed by the Federal Rules of Civil Procedure and all existing Pretrial Orders

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

issued in this MDL. If counsel for a plaintiff elects to memorialize the testimony of a plaintiff or witness after completion of defendants' questioning, defendants may thereafter cross-examine the deponent.

2. Prior to the deposition of a plaintiff, defendants will provide to counsel for plaintiff a copy of any Medwatch report in defendants' possession, custody or control that specifically mentions plaintiff by name. Defendants will review their internal adverse event database to determine if there are other means to identify plaintiffs who are subject to Medwatch reports. If the PSC identifies any other means of identifying plaintiffs subject to Medwatch reports, they will so advise defendants.

3. Each plaintiff is to identify and disclose all witnesses to defendants no later than November 7, 2003. Each witness identified by plaintiff may include spouses of alleged Baycol users, whether or not the spouse is a plaintiff, and family members or other third-party non-physicians who may have factual information relevant to the plaintiff's case. In any case in which the alleged Baycol user is incapable of testifying about the circumstances involved in his/her use of Baycol or about the injuries that allegedly resulted therefrom, plaintiff's counsel will identify a spouse, family member, or other person who is the most knowledgeable about the circumstances of the use of Baycol by the injured party.

**B. Depositions of Physicians.**

1. Between October 20, 2003 and January 9, 2004, defendants may depose any physician who (a) prescribed Baycol to a plaintiff (or, in a death case, to plaintiff's decedent) or (b) who treated a plaintiff or decedent. At this stage of the proceedings without leave of court, Defendant may name a maximum of four such physicians for deposition. The plaintiffs shall begin the deposition followed by the defendants, followed by the plaintiffs if they choose, and concluding with the defendants

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

if they choose. Any party has the right to memorialize any treating physician testimony. If defendants elect not to depose such a physician, plaintiffs may do so.

2. Prior to the deposition of any physician who prescribed Baycol to a plaintiff or decedent, Bayer and GSK will each provide to counsel for plaintiff a verified statement showing (a) the name(s) of all sales representatives employed by it who detailed Baycol to the physician during the period in which he/she prescribed Baycol to said plaintiff or decedent, (b) the dates of all detailing, and (c) the number and types of samples, if any, and where such information is available, that were provided by the sales representatives to said prescribing physician during such detailing. Defendants shall provide to plaintiff all documents in the possession of the detail person concerning the detailing of Baycol to these physicians as soon as they obtain the information and no later than one week before the deposition of that physician. Defendants shall produce any and all agreements or other documents whereby Defendants indemnify, hold harmless or otherwise ensure that such physician, individually or through his medical practice or malpractice insurance company, is free from any liability associated with this litigation.

**C. Discovery**

1. The parties will meet and confer in good faith to schedule these depositions. To the extent that the parties are unable to agree on the schedule for any depositions, Magistrate Judge Lebedoff will establish the dates and cities where each deposition shall occur. To the extent other disputes arise regarding the depositions or discovery of these cases being prepared for trial, Magistrate Judge Lebedoff will resolve those disputes after the parties have unsuccessfully conferred. Except for

E-SERVED 04/02/04 12:37 PM ET Baycol MDL 1431

good cause shown, if a plaintiff fails to appear for his/her scheduled deposition, his/her case will be dismissed with prejudice.

2. All non-expert discovery is to be completed by January 9, 2003.

**D. Experts**

1. Plaintiffs' Generic Expert Reports are to be filed and served no later than December 1, 2003.

2. Defendants' Generic Expert reports are to be filed and served no later than January 12, 2004.

3. Plaintiff's Case Specific Expert reports are to be filed and served no later than January 9, 2004.

4. Defendants' Case Specific Expert reports are to be filed and served no later than February 2, 2004.

5. Depositions of Plaintiffs' Generic Experts are to occur and be completed between January 19 and February 16, 2004.

6. Depositions of Plaintiff's Case Specific Experts are to occur and be completed between February 4 and February 23, 2004.

7. Depositions of Defendants' Experts are to be completed no later than March 5, 2004.

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

**E. Motions Challenging Experts**

1. All motions challenging any expert including challenges of reports and testimony and all other Daubert motions are to be filed and served no later than March 10, 2004. Motions are to accompanied by a memorandum of law and a proposed order.

2. A Party opposing any motion is to file and serve an opposition memorandum no later than March 24, 2004.

3. A moving party may file and serve a reply memorandum no later than March 29, 2004.

4. The hearing on expert motions is scheduled for Thursday, April 1, 2004 at 9:30 a.m.

**F. Summary Judgment/Dispositive and Other Motions**

1. All summary judgment motions, any other dispositive motion, and any other motion including a motion regarding which cases are to be tried, are to be filed and served no later than April 9, 2004. Motions are to be accompanied by a memorandum of law, including specific references to factual discovery responses or affidavits, and a proposed order.

2. A Party opposing any motion is to file and serve opposition memorandum no later than April 21, 2004.

3. A moving party may file and serve a reply memorandum no later than April 26, 2004.

4. The hearing on these motions is scheduled for Thursday, April 29, 2004 at 9:30 a.m.

**G. Pretrial Submissions**

1. All parties are to file and serve all pretrial submissions including motions in limine, jury instructions, witness lists, exhibit lists, deposition designations, and any other information subsequently

E-SERVED
04/02/04
12:37 PM ET
Baycol MDL 1431

required by this Court on May 17, 2004. Motions are to be accompanied by a memorandum of law and a proposed order.

2. Opposing parties may submit counter submissions and memorandums of law no later than May 25, 2003. No reply memorandums are permitted.

3. A hearing on any in limine motions, challenges to jury instructions, and all other pretrial matters is scheduled for May 27, 2004 at 9:30 a.m. The Court requires that all trial counsel be at this conference and be prepared to discuss any issue related to the trial.

**H. Trial Date Certain**

1. A final pretrial conference is scheduled for Thursday, June 3, 2004 at 9:30 a.m. The Court requires that all trial counsel be at this conference.

2. The date certain for trial is June 7, 2004 at 9:30 a.m. for the case or cases designated by this Court.

Date: October 17, 2003

//s//

Michael J. Davis
United States District Court